UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Michael G. Blanchard, | ) | Case No. 05-52650 |
| | ) | |
| Debtor. | ) | Hon. John D. Schwartz |

### Application for Allowance and Payment of
### Final Compensation of Joseph A. Baldi, as Trustee

Joseph A. Baldi, not personally but solely as trustee ("Trustee") of the estate ("Estate") of Michael G. Blanchard. ("Debtor"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of $3,260.65 as final compensation for services rendered as trustee in this case from October 13, 2005 through the close of this case. In support thereof, Trustee states as follows:

### Introduction

1.      Debtor commenced this case on October 13, 2005 ("Petition Date") by filing a voluntary petition for relief under chapter 7 of the Code.

2.      Joseph A. Baldi is the duly appointed, qualified and acting chapter 7 trustee in this case.

3.      As of the commencement of this case, the Estate's primary asset was the Trustee's fraudulent conveyance claim against the Debtor ("Claim") for the transfer of the Debtor's interest in certain real property commonly known as 3718 S. 61st Avenue, Cicero, Illinois (the "Property") which the Trustee believed was fraudulently conveyed to his parents pre-petition (the "Transfer").

4.      The bar date for filing claims in this case was May 30, 2006.

## Prior Compensation

5.     This is the first and final application ("Application") for allowance of compensation filed by Trustee in this case.

6.     Trustee has not previously received or been promised any payments for services rendered or to be rendered in this case except as set forth above.

## Services Rendered by Trustee

7.     Since his appointment in this case, Trustee has performed actual, necessary and valuable services on behalf of the Estate.   Itemized billing statements describing the Trustee's services from the date of appointment through the close of the case are attached hereto as Exhibit A.   Those services rendered by Trustee since his appointment in this case include but are not limited to the following:

A.     Trustee investigated the Debtor's interest in the Property; Trustee analyzed the title history of the Property; Trustee verified the sale value of the Property, which Property was sold post-petition; as a result of the aforementioned efforts, Trustee determined that the Claim on account of the Transfer, for Debtor's interest in the Property, was equal to approximately 10% of the proceeds from the sale of the house (or $18,624.00); in addition, Trustee determined that the current market value of the Debtor's homestead was higher than the value listed on the Debtor's schedules; based upon the foregoing, the Trustee entered into negotiations with the Debtor for a compromise of the Claim and a settlement of the Debtor's equity in his homestead; ultimately, the Trustee entered into a settlement agreement, which was authorized by this Court pursuant to Order dated June 28, 2007, whereby the Trustee recovered gross proceeds of $25,000 on behalf of the Estate in settlement of the Claim and the homestead equity;

B.     Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate;

2

C.    Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities;

D.    Trustee prepared semi-annual reports required by the United States Trustee and met with representatives of the U.S. Trustee regarding the administration and status of the case;

E.    Trustee examined proofs of claim filed against the Estate;

F.    Trustee analyzed the tax issues of the Estate; and

G.    Trustee otherwise administered this Estate and directed the allocation, liquidation and distribution of assets to creditors herein.

### Funds Collected and Disbursed by Trustee

8.    As of April 24, 2008, Trustee has collected the sum of $25,106.45 on behalf of the Estate. Trustee has made $23.71 in disbursements in this case as of the date hereof.

9.    Copies of the *Form I Individual Estate Property Record and Report and Form 2 Cash and Receipts Record* showing the disposition of the assets of this Estate are attached to hereto the Trustee's Final Report, filed simultaneously herewith, as Exhibits B and C, respectively.

### Compensation Requested

10.    During the period covered by this Application, Trustee has spent 12.90 hours rendering services on behalf of this Estate with a value of $2,366.00. Trustee estimates that he will spend an additional four hours rendering services with a value of $880.00 to obtain approval of the final report, make a final distribution to creditors and prepare and file his final account.

11.     The maximum compensation allowable to Trustee pursuant to section 726 of the Code, based upon the receipts and disbursements listed above, is $3,260.65 as follows:

|  |  |
|---|---|
| 25% of the first $5,000 | $1,250.00 |
| 10% of the next $20,106.45 | $2,010.65 |
| Total allowable compensation | $3,260.65 |

After payment of the Estate's administrative claims, the Trustee anticipates that there will be sufficient funds to make a distribution to unsecured creditors equal to 52.31% of allowed claims. Trustee does not anticipate that there will be a surplus of funds to be returned to the Debtor.

12.     Based upon the caliber of the services rendered by Trustee and the results achieved in this case, Trustee requests allowance and payment of final compensation for his services rendered as trustee from the time of his appointment through the closing of this case in the amount of $3,260.65.   This amount represents reasonable compensation for the services rendered by Trustee and is within the maximum compensation allowable as set forth in paragraph 11 above.

13.     An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Joseph A. Baldi, as trustee, is attached hereto as Exhibit B.

14.     Trustee requests that the compensation requested herein be paid from the Estate funds in his possession.

### Status of the Case

15.     The Trustee has liquidated or abandoned all of the assets belonging to this Estate and completed his review and analysis of the claims filed against the Estate.

16.    Trustee has completed and filed his Final Report simultaneously herewith. A final fee application for the Trustee's Attorneys has also been filed concurrently with this Application.

WHEREFORE, Joseph A. Baldi, as trustee of the Estate of Michale G. Blanchard requests the entry of an order providing the following:

A.    Allowing to Trustee final compensation in the amount of $3,260.65 for actual and necessary professional services rendered and to be rendered on behalf of this Estate from October 13, 2005 through the closing of this case;

B.    For such other and further relief as this Court deems appropriate.

Dated: May 8, 2008            Joseph A. Baldi, as trustee of the estate of Michael
                             G. Blanchard, debtor


                    By:_____/s/_____
                                   Joseph A. Baldi

Joseph A. Baldi
Attorney I.D. No. 00100145
Elizabeth C. Berg
Attorney I.D. No. 6200886
19 S. LaSalle St.   Suite 1500
Chicago, IL  60603
(312) 726-8150

Michael G. Blanchard
Case No. 05-52650

Trustee's Itemized Billing Statements

Exhibit A

# Joseph A. Baldi & Associates, P. C.
## 19 S. LaSalle Street
## Suite 1500
## Chicago, IL 60603

**Phone:** (312) 726-8150
**Fax:** (312) 726-5067

**FEIN:** 36-4352753

---

### *Invoice submitted to:*

May 8, 2008
Invoice No:    1033

Joseph A. Baldi, trustee
19 South LaSalle Street
Suite 1500
Chicago, IL 60603

**In Reference to:**    *Blanchard - Trustee Matters*

### Professional Services

| Date | Staff | Description | Hours | Charges |
|------|-------|-------------|-------|---------|
| 8/30/2006 | ECB1 | Conference with Trustee re retention of attorneys and status of administration | 0.20 $140.00/ hr | $28.00 |
| 8/31/2006 | ECB1 | Set up case on Trustee database (.2) Review schedules and input estate properties and exemptions (.3) | 0.50 $140.00/ hr | $80.00 |
| 9/12/2006 | ECB1 | Confer with Trustee re values in home and negotiations for settlement with debtor | 0.30 $140.00/ hr | $45.00 |
| 9/13/2006 | ECB1 | Prepare written response to UST audit | 0.60 $140.00/ hr | $96.00 |
| 10/03/2006 | ECB1 | Meet with Trustee and confer on status in connection with 3rd quarterly review for 2006 annual reports | 0.10 $140.00/ hr | $15.00 |
| 11/13/2006 | JAB | Review and r espond to e-mail from debtor's attorney regarding settlement, acceptance of same. | 0.50 $350.00/ hr | $175.00 |
| 12/05/2006 | ECB1 | Meet with Alfreda Baron on supplement audit review | 0.20 $140.00/ hr | $32.00 |
| 12/26/2006 | ECB1 | Initial review of Form 3 Notes for Trustee 2006 Annual Report to UST | 0.10 $140.00/ hr | $16.00 |
| 2/08/2007 | ECB1 | Prep of 2006 annual reports | 1.20 $140.00/ hr | $192.00 |
| 5/15/2007 | ECB1 | Finalize 2006 year end Form 1 and Form 2 per UST followup on annual review (.1) File same and email confirmation to UST (.1) | 0.20 $140.00/ hr | $32.00 |

## Joseph A. Baldi & Associates, P. C.

5/08/2008

Blanchard - Trustee Matters

Page    2

| Date | Staff | Description | Hours | Amount |
|------|-------|-------------|-------|--------|
| 9/18/2007 | ECB1 | Process August 07 bank statements (.1) Reconcile trustee's bank accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 10/03/2007 | ECB1 | Perform 3rd quarter status review for UST and update Trustee database | 0.20 $160.00/ hr | $32.00 |
| 10/11/2007 | ECB1 | Process September 07 bank statements; Reconcile accounts | 0.10 $160.00/ hr | $16.00 |
| 11/15/2007 | ECB1 | Process October 2007 bank statements & reconcile accounts | 0.20 $160.00/ hr | $32.00 |
| 1/08/2008 | ECB1 | Process November 07 Bank Statements (.1) Reconcile Accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 1/15/2008 | ECB1 | Process Dec 07 Bank Statements and reconcile accounts | 0.10 $160.00/ hr | $16.00 |
| 1/30/2008 | ECB1 | Prep 2007 Annual Report for UST | 1.00 $160.00/ hr | $160.00 |
| 2/14/2008 | ECB1 | Process Jan 08 bank statements (.1) Reconcile Trustee bank accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 2/19/2008 | ECB1 | Prep Trustee Bond Disbursement report (.1) and prepare and transmit payment of annual bond premium to International sureties (.1) | 0.20 $160.00/ hr | $32.00 |
| 2/26/2008 | ECB1 | Set up schedule for case closing | 0.10 $160.00/ hr | $16.00 |
| 3/25/2008 | ECB1 | Process Feb 08 bank statements (.1) Reconcile Trustee's bank accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 4/08/2008 | ECB1 | Review file (.1) Review claims (.1) Teleconference with acct to confirm no tax return due (.1) Review time and calculate administrative claims (.2) Prep closing memo to RKP (.3) | 0.80 $160.00/ hr | $128.00 |
| 4/18/2008 | RKP | Input final claim amounts into system (.2); prepare final report (1.0); prepare notice of final hearing (.3); prepare and verify proposed distribution (.3); review and edit final report package (.5); compile documents in support of final report (.2). | 2.50 $150.00/ hr | $375.00 |
| 4/24/2008 | ECB1 | Edit final report per Trustee (.5); compile and prepare final report and related documents for submission to UST (1.5). | 2.00 $160.00/ hr | $320.00 |
| 4/25/2008 | JAB | Review, edit and execute final report package | 1.00 $400.00/ hr | $400.00 |

|  |  | Total Hours | 12.90 | Total Fees | $2,366.00 |

# Joseph A. Baldi & Associates, P. C.

5/08/2008

Page    3

Blanchard - Trustee Matters

| | |
|---|---|
| Total New Charges | $2,366.00 |
| Previous Balance | $0.00 |
| Balance Due | $2,366.00 |

## Timekeeper Summary

| Name | Hours | Rate |
|---|---|---|
| Elizabeth (1) C Berg | 3.40 | $140.00 |
| Elizabeth (1) C Berg | 5.50 | $160.00 |
| Joseph A Baldi | 0.50 | $350.00 |
| Joseph A Baldi | 1.00 | $400.00 |
| Ricki K Podorovsky | 2.50 | $150.00 |

Rule 2016 Affidavit

Exhibit B

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| MICHAEL G. BLANCHARD, | ) | Case No. 05-52650 |
| | ) | |
| Debtor. | ) | Hon. John D. Schwartz |

### Trustee's Affidavit Pursuant to Rule 2016

| | |
|---|---|
| State of Illinois | ) |
| County of Cook | ) |

I, Joseph A. Baldi, being first duly sworn upon oath, do depose and state as follows:

1.    I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2.    I have read the Application for Allowance and Payment of Final Compensation of Joseph A. Baldi as trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief.  I or my agents pursuant to my direction performed the services set forth and described in the Application.

3.    I have not entered into any agreement with any other person or persons for the sharing of compensation received or to be received for services rendered in connection with this matter, except among the principals and associates of Joseph A. Baldi & Associates a law firm at which I was employed during the pendency of this case.

4.    Further affiant sayeth naught.

_____
Joseph A. Baldi

Subscribed and Sworn to before me
on May 9th, 2008

_____
Notary Public

"OFFICIAL SEAL"
Elizabeth C. Berg
Notary Public, State of Illinois
My Commission Exp. 06/16/2008

**Exhibit B**